IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID LEE DANIELS                                                                  PLAINTIFF

v.                            Civil No. 06-5104

JAY SAXTON, Chief Public Defender;
BROOK LOCKHART, Public Defender;
and the BENTON COUNTY PUBLIC
DEFENDER'S OFFICE                                                                  DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

David Lee Daniels brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff has applied for pauper status, (Docs. 2, 3), subject to a later determination of service. It is now determined whether the complaint should be served on the defendant.

### I. Background

In his complaint, Daniels states that Jay Saxton and Brook Lockhart, both public defenders, have not performed their functions as he believes that should have. Daniels states that Saxton and Lockhart have committed "improper and malicious counseling" in that they "chased my witness Andrea Sharp out of the courtroom so she couldn't testify for my bond hearing." Also, Daniels claims that the defendants never showed him the evidence pertaining to his charges of rape and theft of property. Plaintiff alleges the public defenders have harmed other criminal defendants in that the public defenders have (1) failed to bring to a judge's attention violations of the criminal defendants' rights, (2) told the prosecutor facts that could harm the criminal defendants' cases, (3) failed to file proper motions in the courts, (4) held back information that

could have helped the criminal defendants, and (5) were rude, prejudicial, aggravating, and lied to the criminal defendants, especially more so to minorities. (Doc. 1.)

## II. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

Daniels names as the only defendants in this action public defenders Jay Saxton and Brook Lockhart and the Benton County Public Defender's Office. He claims that Saxton and Brook acted improperly in representing him at his bond hearing and in other capacities as his counsel. A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," *see Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981). Thus none of the defendants are subject to suit under section 1983, and thus this complaint must be dismissed.

## III. Conclusion

Therefore, I recommend dismissal of plaintiff's complaint as frivolous and for failing to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (IFP action, or any portion thereof, may be dismissed on such grounds at any time).

-2-

**Daniels has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. Daniels is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of July 2006.

                                         **/s/ Beverly Stites Jones**
                                 _____
                                 HON. BEVERLY STITES JONES
                                 UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)